**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

The following cases are set for trial during the **December 2026 Trial Term**. The Trial Term will include the four-week period of December 7, 14, 21, and 28, 2026. The cases are listed in the order in which they are intended to be tried -- although experience indicates that, for various reasons, cases may be called out of sequence. The names and phone numbers of all trial counsel, as well as any pro se litigants, are furnished so that the parties may keep themselves informed of the progress of the cases listed.

Counsel, as well as any pro se party, are reminded to advise the Court promptly of any development subsequent to the entry of this Order which would in any way affect the trial of a case. Settlements of civil jury trials announced to the Court any later than 12:00 noon on the Friday preceding the first day of trial may result in the imposition of juror costs.

**Note:** Photo IDs are required for entrance into the federal courthouse. Electronic devices are prohibited beyond the courthouse's security checkpoint. However, any Assistant United States Attorney, Assistant Federal Public Defender, law enforcement officer on official business, and attorney permitted to practice law in the Middle District of Florida may bring an electronic device beyond the courthouse's security checkpoint by presenting valid agency identification, a Florida Bar identification card, or *pro hac vice* order.

Please refer to attached Local Rule 5.03.

**CRIMINAL TRIALS:**

**One week prior to the beginning of the trial term**, proposed voir dire, jury instructions, and verdict forms shall be filed with the Clerk of Court and served on opposing counsel. Failure to comply with this deadline may result in the imposition of sanctions, including denial as untimely of any submissions later made. In addition, please email a courtesy copy of your jury instructions, verdict form, and a redacted copy of the Indictment, if appropriate, in Word format to Chambers at:
**chambers_flmd_jung@flmd.uscourts.gov.**

**In addition, exhibit and witness lists shall be filed electronically with the Clerk of Court by the Friday before jury selection.** All exhibits are to be pre-marked in accordance with M.D. Fla. Rule 3.07.

**Guilty pleas are to be held before the undersigned on a special circumstance if the Magistrate Judge is unavailable.** Contact the undersigned's Courtroom Deputy Clerk to be placed on the calendar for a change of plea. Counsel for the defendants on bond are charged with the responsibility of notifying the defendants when the case is called for trial and that their presence is required. Counsel shall notify the Court if an interpreter is required.

**CIVIL TRIALS:**

The parties shall follow the procedures and deadlines set forth in the operative Case Management and Scheduling Order. Counsel are advised that the deadlines for filing exhibit lists, witness lists, jury instructions, and verdict forms in a civil action are different than those set forth above, which apply strictly to criminal actions.

# TRIAL CALENDAR: **December 2026**

(TRIAL TERM BEGINS: Monday, December 7, 2026)

| CASE NUMBER | CASE NAME | COUNSEL | LENGTH OF TRIAL |
|---|---|---|---|
| 8:25-cr-224-WFJ-AEP<br>Jury Trial<br>**Date Certain: 12/7/2026** | United States of America<br>v.<br>Garian Brown | Tiffany Fields 813/274-6000<br>Yamilette Alvarez 813/228-2715 | **TBD** |
| 8:25-cr-300-WFJ-CPT<br>Jury Trial | United States of America<br>v.<br>Chad Monroe | Catherine Wagner 202/794-0097<br>Joshua Lowther 404/496-4052 | **TBD** |
| 8:25-cr-576-WFJ-AAS<br>Jury Trial | United States of America<br>v.<br>Justin Travis Garner | Abigail King 813/274-6000<br>Douglas Stamm 813/228-2715 | **TBD** |
| 8:25-cr-573-WFJ-NHA<br>Jury Trial<br>**Date Certain: 12/14/2026** | United States of America<br>v.<br>Lucas John Mirtl | Ross Roberts 813/274-6000<br>Pedro Amador 813/477-4242 | **3-4 Days** |
| 8:24-cv-2754-WFJ-CPT<br>Bench Trial<br>**Date Certain: 12/14/2026** | Peter Doherty<br>v.<br>United States of America | Christian Denmon 727/493-5610<br>Somadina Sullins 813/274-6124<br>Carolyn Tapie 813/274-6380 | **5-6 Days** |
| 8:25-cv-1971-WFJ-GDP<br>Jury Trial | Margaret Taylor<br>v.<br>RLI Insurance Company,<br>The Standard Fire Insurance Company | Keith Goan 813/877-8600<br>Stefani Cogsdale 850/264-7395<br>Elizabeth Howanitz 904/659-9092<br>Garrett Brown 813/574-8534<br>Richard Terrana 813/222-1126 | **TBD** |

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of November 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

# EXHIBIT LIST

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No.:**

______________________________,

**Plaintiff,** □
**Government,** □

□ **Evidentiary**
□ **Trial**
□ **Other**

**v.**

______________________________,

**Defendant.** □

| Exhibit Number | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**EXHIBIT LIST – Continuation Sheet**

| Exhibit Number | Date Identified | Date Admitted | Witness | Description of Exhibit |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## MIDDLE DISTRICT RULE 5.03 --- COURTROOM DECORUM

(a) The purpose of this rule is to state, for the guidance of those heretofore unfamiliar with the traditions of this Court, certain basic principles concerning courtroom behavior and decorum. The requirements stated in this rule are minimal, not all-inclusive; and are intended to emphasize and supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time-honored customs of experienced trial counsel. Individual judges of the Court may, in any case, or generally, announce and enforce additional prohibitions or requirements; or may excuse compliance with any one or more of the provisions of this rule.

(b) When appearing in this Court, unless excused by the presiding Judge, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

(1) Stand as Court is opened, recessed or adjourned.

(2) Stand when the jury enters or retires from the courtroom.

(3) Stand when addressing, or being addressed by, the Court.

(4) Stand at the lectern while examining any witness; except that counsel may approach the Clerk's desk or the witness for purposes of handling or tendering exhibits.

(5) Stand at the lectern while making opening statements or closing arguments.

(6) Address all remarks to the court, not to opposing counsel.

(7) Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

(8) Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

(9) Only one attorney for each party shall examine, or cross examine each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

(10) Counsel should request permission before approaching the bench; and any documents counsel wish to have the Court examine should be handed to the Clerk.

(11) Any paper or exhibit not previously marked for identification (see Rule 3.07) should first be handed to the Clerk to be marked before it is tendered to a witness for his examination; and any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

(12) In making objections counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

(13) In examining a witness, counsel shall not repeat or echo the answer given by the witness.

(14) Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

(15) In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue; shall not read or purport to read from deposition or trial transcripts, and shall not suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the reporter.

(16) Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.